VARDEN (MOFFIT v.). See Case No. 9,689.

VARDEN (TAYLOE v.). See Case No. 13,771.

VARDEN (VOSS v.). See Case No. 17,016.

VARN (GOODING v.). See Case No. 5,539.

---

## Case No. 16,885.

### VARNER v. WEST.

### [1 Woods, 493.] [1]

Circuit Court, S. D. Georgia. April Term, 1873.

FEDERAL JURISDICTION—OBJECTIONS—HOW PLEAD-ED—DIVERSE CITIZENSHIP—PROMISSORY NOTE—DISHONOR.

1. When want of jurisdiction appears upon the face of the pleadings, the objection should be taken by demurrer; when it does not so appear, by plea.

2. The United States circuit court has jurisdiction of a suit brought against a citizen of the state in which the court is held, by a citizen of another state, upon a note payable to it or bearer, notwithstanding the note may have been indorsed to the plaintiff by payee, and although the declaration contains no averment that the payee could have sued.

3. After dishonor, a promissory note does not lose its character as such, nor cease to be a negotiable instrument. The only effect of the dishonor is to let in the defenses of the maker as against the payee.

Submitted on motion to dismiss because the declaration failed to show that the court had jurisdiction.

R. F. Lyon, for plaintiff.
Henry R. Jackson, for defendant.

WOODS, Circuit Judge. The declaration contains two counts. The first alleges in substance that on the 3d of November, 1860, the defendant made his promissory note of that date, whereby he promised to pay on January 1, 1862, to S. D. Durham or bearer, two thousand five hundred dollars; that afterwards, on the 17th day of August, 1869, the said Durham transferred and delivered the note by indorsement for value received to the plaintiff, who then became and still remains the legal owner and bearer thereof. Appended to this count is a copy of the note and of the indorsement, the latter of which is in these words: "I indorse the within note to Joseph W. Varner of Arkansas, for value received,

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

August 17, 1869. S. D. Durham." The second count, which was filed as an amendment to the declaration, and by leave of the court, recites the making of the note as in the first count, and then avers that "the said S. D. Durham, to whom or to the bearer thereof said note was made payable afterwards, to-wit, on the 17th day of August, A. D. 1869, transferred said promissory note in due course of trade, and for a valuable consideration, to plaintiff by delivery, who thereby became the legal owner and bearer thereof." To this declaration the defendant pleaded the general issue and other pleas in bar, and on the calling of the cause for trial, made the motion to dismiss the case because the jurisdiction of the court does not appear upon the face of the declaration.

We do not think that a motion to dismiss is the proper method by which to take advantage of the defect alleged to exist in this declaration. It is true that a court will at any stage dismiss a cause when it is made to appear that it has no jurisdiction; but the fact that jurisdiction does not appear on the face of the declaration is not conclusive evidence that the court has not jurisdiction. The plaintiff, by amendment of his declaration, might be able to show clearly that the court had jurisdiction. When want of jurisdiction appears on the face of the pleading, the objection should be taken by demurrer; when not, then by plea. If we should be of opinion that the declaration does not show the jurisdiction of the court, we would allow the plaintiff to amend and show the jurisdiction. We have, however, considered and will dispose of the question raised by this motion. The 11th section of the "act to establish the judicial courts of the United States," approved September 24, 1789 (1 Stat. 79), declares as follows: "Nor shall any district or circuit court have cognizance of any suit to recover the contents of any promissory note or other chose in action in favor of an assignee, unless the suit might have been prosecuted in such court to recover the said contents, if no assignment had been made, except in cases of foreign bills of exchange." This makes it necessary to state on the record the citizenship of the payee of a negotiable note sued on by an indorsee. Turner v. Bank of North America, 4 Dall. [4 U. S.] 8; Rogers v. Linn [Case No. 12,015]. But where a note is payable to A. B. or bearer, the circuit court has jurisdiction to enforce payment in favor of a holder who is a citizen of another state, although it is not shown that A. B. is a citizen of another state; the prohibition of section 11 of the judiciary act not applying to such a note. Bullard v. Bell [Case No. 2,121]. Or as expressed in Smith v. Clapp, 15 Pet. [40 U. S.] 127, "an assignment of a note payable to bearer by delivery only, without indorsement, is not within the 11th section of the judiciary act, and it is not necessary to aver the citizenship of the assignor."

But it is insisted in this case that the dec-

laration shows that the note sued on, though payable to S. D. Durham or bearer, was in fact indorsed by Durham, the payee named in the note, and so indorsed, was delivered by him to the plaintiff, and that this fact brings the case within the prohibition of section 11 of the judiciary act. In reply to this we observe that the plaintiff in his second count declares upon the note, as bearer, and ignores the indorsement by Durham. We think the plaintiff under the circumstances might elect to treat the note either as transferred to him by indorsement or by mere delivery. In his second count he has elected to treat the note as transferred to him by delivery merely, and so treating it, it was not necessary to make any averment touching the citizenship of Durham, and the case does not fall within the prohibition of the 11th section of the judiciary act. In the case of Young v. Bryan, 6 Wheat. [19 U. S.] 146. it was held by Marshall, C. J., "that a suit may be brought in the circuit court by the indorsee against the indorser, whether a suit could be then brought against the drawer or not. In such a case the indorser does not claim through an assignment. It is a mere contract entered into by the indorser and indorsee, upon which the suit is brought." So in the case at bar, the holder and bearer of the note may rely upon the contract between himself and the maker of the note, or he may elect to derive his rights through the indorsement of the party named in the note as payee. The fact that the holder has two distinct titles to the note ought not to prejudice either of them. It was claimed in argument that the promise of the maker of a note payable to bearer was to pay the party who at the maturity of the note happened to be the bearer, and that after the note was dishonored by nonpayment. it ceased to be a promise to pay, and the holder had only a right to sue for damages as upon a contract broken. The authorities are adverse to this proposition. After dishonor. a promissory note or bill of exchange does not lose its character as such, nor does it cease to be a negotiable instrument. The only effect of the dishonor is to let in defenses of the maker as against the payee. Bailey, Bills, p. 166, c. 5, § 3. We are of opinion that the declaration as amended shows a case within the jurisdiction of this court, and that the motion to dismiss for want of jurisdiction, must be overruled.